# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HAROLD WILLIAM VAN ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-0150 (ABJ) |
| | ) | |
| ROBERT MUELLER, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Harold William Van Allen has filed a *pro se* complaint against 19 named defendants that include Special Counsel Robert Mueller, President Donald Trump, Vice President Mike Pence, Attorney General Jeff Sessions, the Chief Justice of the United States and several judges from the U.S. District Court and U.S. Court of Appeals for the D.C. Circuit. Compl. [Dkt. # 1]. The complaint consists of a single paragraph:

> Regarding executive authority over all federal and state chief judiciary proposed "Trump-Pence Executive Order(s)" ordering SCOTUS Chief Judge John Roberts to cease avoiding and immediately define US constitution language "natural born citizen" CINC/POTUS eligibility of all living former presidents (JE Carter, GHW Bush, GW Bush, WJ Clinton, BH Obama, DJ Trump and all living so confirmed federal judicial nominees regarding their past and current judicial authority (quo warranto) NYS statewide federal and New York State elections 1992 (H Ross Perot), 1997 (Robert L Schulz), 1996 (H Ross Perot electoral college delegate), 1997 (Constitutional Convention Question), 1998, 2000, 2002, 2004, 2006, 2008, 2010, 2012, 2014, 2016, and now 2017 (Constitutional Convention Question) – New York based Hillary R. and William J. et al Clintons' espionage – unauthorized transfer and storage of electronic classified documents on private non-secure non-government URL/ISP/server(s).

Compl. ¶ 1. Based on this paragraph, it is unclear what relief plaintiff seeks from this Court, and whether this Court has the authority to hear the case.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Furthermore, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, L.L.C. v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). A district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, 264 F. App'x 1 (D.C. Cir. 2008).

Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction

if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . .") (internal citations and quotation marks omitted); *see, e.g., Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Amexem," requiring the plaintiff's immediate release from a correctional institution).

Although the Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), it finds that plaintiff's allegations in the present case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. It is true that on the cover sheet filed with the complaint, plaintiff identifies 42 U.S.C. § 1983 as the basis for his cause of action. Dkt. # 1-1. But since that statute authorizes the filing of constitutional claims against state, and not federal, officials, *Wyatt v. Cole*, 504 U.S. 158, 161 (1992), it cannot provide the predicate for subject matter jurisdiction in this case. Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: February 5, 2018